KIRKLAND & ELLIS LLP
ALLISON W. BUCHNER, SBN 253102
allison.buchner@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: 310.552.4200

K. WINN ALLEN, P.C. (*pro hac vice* forthcoming)
winn.allen@kirkland.com
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: 202.389.5000

*Attorneys for Defendant*
*Meta Platforms, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMORY ANDREW TATE III, an Individual; TRISTAN TATE, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No. 2:25-cv-07961<br><br>**DEFENDANT META PLATFORMS, INC.'S NOTICE OF REMOVAL**<br><br>(Los Angeles County Superior Court Case No. 25SMCV04193)<br><br>Date Action Filed: August 13, 2025 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Meta Platforms, Inc.[1] ("Meta") files this Notice of Removal of the above-captioned case, originally filed as Case No. 25SMCV04193 in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. Removal is proper for the reasons set forth herein.

## I. META'S REMOVAL IS TIMELY

1. A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

2. This Notice of Removal is timely under § 1446(b). Plaintiffs filed the complaint only nine days ago, on August 13, 2025. *See* Ex. A (8/13/2025 Cal. Sup. Ct. Complaint). As of the filing of this Notice, Meta is not aware that it has been served with a summons or a copy of the Complaint. Accordingly, Meta's timeline for removal has not yet begun to run, and this Notice falls well within § 1446(b)'s 30-day window.

## II. NATURE OF THE REMOVED ACTION

3. On August 13, 2025, Plaintiffs Emory Andrew Tate III and Tristan Tate filed this action in the Superior Court of the State of California for the County of Los Angeles.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of the operative Complaint is attached as Exhibit A. The other documents currently on file with the state court—the Docket, the Summons, the Notice of Case Assignment, the Civil Case Cover Sheet, the Alternative Dispute Resolution Information Package, Notice of Case Management Conference, Clerk's Certificate of Service, Notice of Lodging Pro Hac Vice

---

[1] Plaintiffs have no legal basis to assert claims against Meta Platforms, Inc. As explained to Plaintiffs in a June 23, 2025 letter, the relevant service provider and data controller of Plaintiffs' removed Instagram accounts is Meta Platforms Ireland Limited, not Meta Platforms, Inc., and Plaintiffs accepted Meta Ireland's Instagram Terms of Use, which explicitly provide for the jurisdiction of Irish courts. Plaintiffs sued Meta Platforms, Inc. in California Superior Court regardless, and Meta Platforms, Inc. is now entitled to remove to federal court this baseless action against it. Meta Platforms, Inc.'s decision to exercise its right to remove under federal law is in no way a concession that it is an appropriate defendant for Plaintiffs' claims or that this Court is the appropriate forum for Plaintiffs' claims. Meta reserves all rights.

Application, and Ex Parte Application to File Pro Hac Vice Application Under Seal—are attached as Exhibits B–J to this notice.

5. The thrust of Plaintiffs' allegations is that Meta unlawfully removed Plaintiffs from its Instagram online service. *See* Ex. A ¶ 1. Plaintiffs allege that Meta's decision was not a "neutral application of its Terms of Use" but instead "the culmination of a coordinated campaign to suppress, silence, and destroy the reputations and livelihoods of" Plaintiffs. *Id.* ¶ 3. Plaintiffs allege that Meta "violated its contractual obligations and express public commitments to fairness and transparency" by "deplatform[ing] disfavored viewpoints . . . ." *Id.* ¶ 6.

6. Plaintiffs further allege that Meta's decision to deplatform Plaintiffs was made "in concert with government officials, media operatives, and ideological pressure groups—thus transforming Meta into a state actor for purposes of . . . 42 U.S.C. § 1983." *Id.* ¶ 4.

7. Plaintiffs bring twelve causes of action against Meta based on this alleged campaign against them. Eleven of Plaintiffs' claims arise under state law, and one claim asserts a violation of the First Amendment to the United States Constitution:

(i) Breach of contract;

(ii) Breach of Cal. Bus. & Prof. Code § 17200;

(iii) Tortious interference;

(iv) Unjust enrichment / Quantum Meruit;

(v) Intentional infliction of emotional distress;

(vi) Cal. Civ. Code § 51(b);

(vii) Breach of implied covenant of good faith and fair dealing;

(viii) Negligent misrepresentation;

(ix) Promissory estoppel;

(x) Fraud

(xi) 42 U.S.C. § 1983, First Amendment violation; and

(xii) False light.

8. Plaintiffs seek damages in excess of $10,000,000. *Id.* ¶¶ 72, 82, 91, 109, 116, 121, 128, 134, 138, 143–44. Plaintiffs also seek restitution and unjust enrichment exceeding $5,000,000. *Id.* ¶ 96.

Plaintiffs further request punitive damages, attorneys' fees, and pre- and post-judgment interest. *Id.* ¶¶ 145–46.

**III. REMOVAL VENUE**

9. Venue is proper for removal in this Court because the Superior Court of the State of California for the County of Los Angeles—where the state court action was pending before removal—is a state court within this federal district and division. 28 U.S.C. § 1441(a).

**IV. BASES FOR REMOVAL**

10. Removal is appropriate when the removed action is one "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). There are two independent routes this Court can take to assure itself of its jurisdiction over all of Plaintiffs' claims. ***First***, Plaintiffs' constitutional claim grants this Court federal question jurisdiction under 28 U.S.C. § 1331. And because Plaintiffs' eleven remaining state law claims arise from the same allegations about Meta's wrongful decision to deplatform Plaintiffs, the Court enjoys original jurisdiction over the rest of the action, pursuant to 28 U.S.C. § 1367. ***Second***, there is complete diversity among the parties and an amount in controversy exceeding $75,000, creating diversity jurisdiction under 28 U.S.C. § 1332.

11. ***Federal Question and Supplemental Jurisdiction***. This Court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Plaintiffs allege a violation of the United States Constitution, through a federal statutory cause of action. Ex. A ¶¶ 135–38 (bringing a claim under 42 U.S.C.§ 1983 for a violation of the First Amendment). Because federal law "creates the cause of action" Plaintiffs bring here, this Court has original jurisdiction. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *see also Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023) (noting that a claim under § 1983 creates federal question jurisdiction).

12. This Court likewise has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Federal and state law claims "form part of the same case or controversy," *id.*, when they "derive from a common nucleus of operative fact," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, all twelve of Plaintiffs' claims arise from the same basic set of facts: Plaintiffs' allegations that Meta wrongfully deplatformed Plaintiffs. *See* Ex. A ¶¶ 19–67.

13. This Court has original jurisdiction over all claims in this action by way of 28 U.S.C. §§ 1331 and 1367. Removal is therefore appropriate under 28 U.S.C. § 1441(a).

14. ***Diversity Jurisdiction***. This Court also has original jurisdiction by way of 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Both conditions are met here.

15. Complete Diversity. Complete diversity exists between the parties because this action is between Meta, a citizen of a State, and Plaintiffs, citizens of a foreign state. *See id.* Plaintiffs "are natural persons and residents of Dubai and Romania," so they are citizens of the United Arab Emirates and Romania, two foreign states. Ex. A ¶ 15; *see Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (explaining that citizenship under § 1332 is determined by a party's domicile). Meta is "a Delaware corporation headquartered in Menlo Park, California," so it is a citizen of Delaware and California. Ex. A ¶ 16; *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."). The fictitious Doe defendants "shall be disregarded" for purposes of "determining whether [this] civil action is removable on the basis of" diversity jurisdiction. 28 U.S.C. § 1441(b)(1). This action is thus undoubtedly "between citizens of a State and citizens or subjects of a foreign state," bringing this case within the Court's original jurisdiction. 28 U.S.C. § 1332(a)(2).

16. Amount-in-Controversy. 28 U.S.C. § 1332(a) requires that the amount-in-controversy of an action must exceed $75,000. Here, Plaintiffs allege they are entitled to damages exceeding $10,000,000, Ex. A ¶¶ 72, 82, 91, 109, 116, 121, 128, 134, 138, 143–44, restitution and unjust enrichment exceeding $5,000,000, *id.* ¶ 96, and punitive damages, attorneys' fees, and pre- and post-judgment interest, *id.* ¶¶ 145–46. This action thus easily satisfies 28 U.S.C. § 1332(a)'s $75,000 amount-in-controversy requirement.

17. The so-called "forum defendant rule" does not preclude diversity-based removal. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). To be sure, Plaintiffs allege that Meta is "a citizen of the State in which" this case was brought. *Id.* But Meta is not a party that has been "***properly joined and***

***served***" because it has not yet been served with a summons or the Complaint, so the forum defendant rule does not apply. *Id.* (emphasis added).

18. Diversity-based removal by a forum defendant prior to service of process—*i.e.*, "snap removal"—is plainly appropriate under the text of 28 U.S.C. § 1441(b)(2). Courts in this District have held as much. *See Hong Kong Continental Trade Co. v. Natural Balance Pet Foods, Inc.*, 2023 WL 2664246, at *3–5 (C.D. Cal. Mar. 28, 2023); *Choi v. Gen Motors LLC*, 2021 WL 4133735, at *5 (C.D. Cal. Sept. 9, 2021). So have district courts within the Ninth Circuit more broadly. *See, e.g.*, *Adelaja v. Guillen*, 2025 WL 502050, at *1 (N.D. Cal. Feb. 14, 2025) ("[C]ourts in the Northern District of California generally permit snap removals, largely relying on the plain language of § 1441(b)(2)."). And so have circuit courts throughout the nation. *See Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706–07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–54 (3d Cir. 2018). The forum defendant rule is thus inapplicable here, and this Court has jurisdiction over this action under 28 U.S.C. § 1332.

## V. OTHER REMOVAL ITEMS

19. By filing this notice of removal, Meta expressly reserves—and does not waive—any and all defenses that may be available to it, including those related to the propriety of this lawsuit against the Meta Platforms, Inc. entity, personal jurisdiction, venue, and service of process.

20. If any question arises as to the propriety of removal to this Court, Meta respectfully requests the opportunity to submit a brief, and present oral argument, in support of its position that this case has been properly removed.

21. Pursuant to 28 U.S.C. § 1446(d), Meta is contemporaneously filing a Notice of Filing of Notice of Removal with the clerk of the state court where the lawsuit has been pending and will serve that notice on Plaintiffs.

WHEREFORE, Defendant Meta Platforms, Inc. removes the case from the Superior Court of California, County of Los Angeles, Case No. 25SMCV04193, to the United States District Court for the Central District of California.

DATED: August 22, 2025

Respectfully submitted,

/s/ *Allison W. Buchner*

Allison W. Buchner, SBN 253102
KIRKLAND & ELLIS LLP
allison.buchner@kirkland.com 2049
Century Park East, Suite 3700 Los
Angeles, CA 90067 Telephone:
310.552.4200

K. Winn Allen, P.C. (*pro hac vice*
forthcoming)
KIRKLAND & ELLIS LLP
winn.allen@kirkland.com
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004 Telephone:
202.389.5000

*Attorneys for Defendant*
*Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, the foregoing document was filed using the CM/ECF system and I caused the foregoing document to be transmitted to the below via electronic mail and U.S. mail.

Raymond E. Brenneman (SBN 333699)
BRENNEMAN APC
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Phone: (310) 870-8088
Email: raymond@brennemanlegal.com

Thomas Maniotis, Esq.
Equity Legal, PLLC
5201 Blue Lagoon Drive, Fl. 8
Miami, Florida 33126
Phone: (305) 629-3219
Email: tamaniotis@equitylegal.net

*Attorneys for Plaintiffs*

/s/ *Allison W. Buchner*
Allison W. Buchner