# Exhibit J

Raymond E. Brenneman (CA Bar. No. 333699)
BRENNEMAN APC
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Phone: (310) 870-8088
Email: raymond@brennemanlegal.com

Thomas Maniotis, Esq. (pro hac vice pending)
Equity Legal, PLLC
5201 Blue Lagoon Drive, Fl. 8
Miami, Florida 33126
Phone: (305) 629-3219
tamaniotis@equitylegal.net

Attorneys for Plaintiffs
*EMORY ANDREW TATE III & TRISTAN TATE*

**Electronically FILED by Superior Court of California, County of Los Angeles 8/20/2025 9:45 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Mejia, Deputy Clerk**

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF LOS ANGELES**

EMORY ANDREW TATE III, an Individual; TRISTAN TATE, an Individual;

Plaintiffs,

vs.

META PLATFORMS, INC.; and DOES 1 through 10, inclusive,

Defendant(s).

CASE NO.: 25SMCV04193

**PLAINTIFFS, EMORY ANDREW TATE III'S AND TRISTAN TATE'S, NOTICE OF EX PARTE APPLICATION TO FILE PORTIONS OF APPLICATION FOR ADMISSION *PRO HAC VICE* UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS MANIOTIS; DECLARATION OF RAYMOND BRENNEMAN**

[*Filed concurrently with [Proposed] Order*]

Date: August 27, 2025
Time: 8:30 a.m.
Dept.: O

Action filed: August 13, 2025
Trial Date: Not Yet Assigned

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 27, 2025, at 8:30 a.m., or as soon thereafter as the matter may be heard in Department O (the letter "O") of the Los Angeles County Superior Court, Santa Monica Courthouse, located at 1725 Main Street, Santa Monica, California 90401, Plaintiffs, Emory Andrew Tate III and Tristan Tate ("Plaintiffs"), will and hereby does move *ex parte* for an order sealing a limited portion of the Application for Order Admitting Thomas Maniotis As Counsel *Pro Hac Vice* (the "PHV Application"). Specifically, this Motion requests that Mr. Maniotis' home address indicated at **page 4, line 10** of the PHV Application be sealed.

This Motion is made pursuant to Rules 2.550 and 2.551 of the California Rules of Court on the grounds that the PHV Application contains highly sensitive, confidential, and personal information, the public disclosure of which would cause great personal harm to Mr. Maniotis and his family due to the history of serious and repeated threats to Mr. Maniotis online and stalking of his family. These risks further prejudice Plaintiffs in that personal attacks against his chosen counsel could seriously jeopardize the effectiveness of Mr. Maniotis' representation.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Thomas Maniotis and Raymond E. Brenneman, the files and records in this action, all matters of which this Court may take judicial notice, and upon such further oral and documentary evidence as may be presented at or before the hearing on this motion.

DATED: August 20, 2025

BRENNEMAN APC

By: *Raymond Brenneman*
Raymond E. Brenneman
Attorney for Plaintiffs Emory Andrew Tate III and Tristan Tate

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Emory Andrew Tate III and Tristan Tate ("Plaintiffs") respectfully seeks an Order authorizing the sealing of a limited portion of the Application for Order Admitting Thomas Maniotis as Counsel *Pro Hac Vice*. Specifically, this Motion requests that the Court seal Mr. Maniotis' residential address from the public record. A redacted version of the PHV Application has been publicly filed as **Exhibit A** to the attached Declaration of Raymond E. Brenneman; the unredacted version was lodged— concurrently with the instant motion— conditionally under seal pursuant to California Rules of Court, Rule 2.551(b)(1).

Mr. Maniotis is a Florida-based attorney with a recent public profile, due to his representation of controversial clients in politically and socially charged matters. (Declaration of Thomas Maniots ("Maniotis Decl.") ¶¶ 2-4.) As detailed in his accompanying declaration, Mr. Maniotis and his family face threats to their safety and incidents of stalking, including at the residence of his parents, due to his representation of the Plaintiffs in other matters. (*Id*.) Public disclosure of his residential address in this case would seriously heighten the risks to his safety and the safety of his family. (*Id*., ¶ 4.)

Mr. Maniotis' precise residential address, other than being in Florida, has no bearing on his qualifications for *pro hac vice* admission and is not material to the merits of this proceeding. The unredacted version of the application remains available to the Court and the State Bar of California for internal review. The redacted version identifies Mr. Maniotis as a resident of Florida, which fully satisfies the public's interest in transparency. Notably, California attorneys are not required to disclose their home address to the public in their State Bar profiles, and no more should be required here—particularly where the consequences of disclosure are potentially life-threatening.

The proposed redaction is narrowly tailored, omitting only a few words and numerals that identify Mr. Maniotis' home address. There is no less restrictive means available to protect the overriding interests at stake. As the California Supreme Court recently recognized in ordering similar relief, sealing a portion of a *pro hac vice* application may be appropriate where privacy and safety concerns outweigh any legitimate public interest in disclosure.

For the reasons set forth below, and pursuant to California Rules of Court, Rule 2.550, the Court is respectfully urged to grant the instant Motion to seal the unredacted *pro hac vice* application and accept the publicly filed redacted version in the Court's records.

## II. IDENTIFICATION OF MATERIALS SOUGHT TO BE SEALED

Pursuant to California Rules of Court, rule 2.550(e)(1)(B), the material sought to be sealed consists solely of Mr. Maniotis' residential address, which appears on **page 4, line 10** of the unredacted Application for Order Admitting Counsel *Pro Hac Vice*, lodged conditionally under seal. The redacted public version (submitted herewith as **Exhibit A** to the attached Declaration of Raymond E. Brenneman) omits only that information and substitutes a reference to Mr. Maniotis' residence in the State of Florida. No other portion of the application is redacted or submitted for sealing.

## III. LEGAL STANDARD

Civil court records may be sealed "if [the court] expressly finds facts that establish: (1) an overriding interest that overcomes the right of public access to the record; (2) [t]he overriding interest supports sealing the record; (3) [a] substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) [t]he proposed sealing is narrowly tailored; and (5) [n]o less restrictive means exist to achieve the overriding interest." (Cal. R. Ct., Rule 2.550(d); *see In re M.T.* (2024) 106 Cal. App. 5th 322, 334.). The Court must specifically state the facts that support the order and seal only those documents and pages "that contain the material that needs to be placed under seal." (Cal. R. Ct., Rule 2.550(e)(1)(B).)

An "overriding interest" that warrants sealing of a record may include a party's interest in protecting confidential information, including a party's or third party's interest in privacy, or some other legal interest. (*See In re M.T.* (2024) 106 Cal. App. 5th 322, 334 [portions of name change and gender marker correction records sealed because privacy and safety interests outweighed public's presumed right of access]; *Press-Enterprise Co. v. Superior Court of California* (1984) 464 U.S. 501, 511-512 [the right to privacy of prospective jurors whose special experiences in sensitive areas were not appropriate for public discussion]; *Life Tech. Corp. v. Superior Court* (2011) 197 Cal. App. 4th 640, 652 [recognizing constitutional privacy right of employees in their "personnel files"]; *see*

*also Doe v. Long Beach Community College Dist.* (Mar. 30, 2021, No. S266934) [2021 Cal. LEXIS 2312, at *1] [medical privacy interest and the confidentiality of accommodation requests outweighed the public's right of access].) Further, Courts may seal or redact materials that are irrelevant and not submitted in support of or in opposition to a motion. (*See Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal. App. 4th 471, 493-494.)

## IV. ARGUMENT

### A. OVERRIDING PRIVACY INTERESTS SUPPORT SEALING MR. MANIOTIS' RESIDENTIAL ADDRESS

Privacy is a fundamental right guaranteed by the California Constitution. (Cal. Const., art. I, § 1.) Among its core protections is the right to safeguard personal information—particularly the privacy and security of one's home. Courts have consistently recognized that individuals hold a compelling privacy interest in preventing public disclosure of their residential addresses, especially where disclosure could lead to harassment, intimidation, or physical danger. (See *Lorig v. Medical Bd.* (2000) 78 Cal.App.4th 462, 468; *City of San Jose v. Superior Court* (1999) 74 Cal.App.4th 1008, 1019–1020.)

In this case, Mr. Maniotis has demonstrated ongoing threats to his safety, harassment, and stalking. As detailed in his declaration, he is an attorney representing high-profile and often clients, and his recent work has subjected him to threats. Due to representing high profile and controversial clients, Mr. Maniotis has taken careful measures to protect his family's safety, never disclosing his address, neighborhood, or images of his home online. Disclosure of his residential address in the public court file would only serve to heighten the very risks he has attempted to mitigate.

Courts weigh the strength of an individual's privacy interest against any legitimate public need for disclosure. (See *Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal. App. 4th 347, 360.) Here, the public has no legitimate interest in knowing Mr. Maniotis' exact residential address. Disclosure serves no adjudicative purpose, and redaction will not impair the Court or the State Bar's ability to review his *pro hac vice* application. Identifying him as a resident of Florida is sufficient for all relevant public and procedural purposes.

In contrast, the consequences of disclosure are substantial and deeply personal. Further exposure would put Mr. Maniotis and his family at unacceptable risk. Sealing his unredacted PHV Application, and filing only a redacted public version, is narrowly tailored relief that protects his and his family's safety while preserving the public's interest in open proceedings.

### B. A SUBSTANTIAL PROBABILITY EXISTS THAT MR. MANIOTIS AND PLAINTIFFS WILL BE PREJUDICED IF THE SEALED INFORMATION IS FILED PUBLICLY

Under California Rules of Court, rule 2.550(d)(3), the court must find a "substantial probability" that overriding interests will be prejudiced if the information is not sealed. That standard is met here.

#### 1. Prejudice to Mr. Maniotis and His Family

As detailed in his accompanying declaration, Mr. Maniotis has been the target of repeated online threats, stalking and harassment at his parents' residence related to his legal work. Publicly disclosing his home address in the court record would directly and substantially increase the risk of harm, opening the door to further targeting.

California courts recognize that physical safety, security, and the sanctity of the home are compelling privacy interests. (*Lorig v. Medical Bd.* (2000) 78 Cal. App. 4th 462, 468; *City of San Jose v. Superior Court* (1999) 74 Cal. App. 4th 1008, 1019–1020.) The protection of a litigant or participant from credible threats of harm is a well-established ground for sealing under California law. (See *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal. 4th 1178, 1222 fn. 46 [recognizing "safety of participants" as a valid basis for overriding the presumption of access]; *People v. Espinoza* (2002) 95 Cal. App. 4th 1287, 1317.) Indeed, the California Supreme Court recently sealed portions of *pro hac vice* applications in similar circumstances.[1]

The risk here is not speculative. "Human experience," as courts have noted, tells us that disclosure of personally identifying information like a residential address, when coupled with

[1] *See Office of the State Public Defender v. Bonta* (Sept. 11, 2024, No. S284496) ***Cal.5th*** [2024 Cal. LEXIS 5065, at *1–2] [granting motion to seal portions of pro hac vice applications and expressly finding compliance with Cal. Rules of Court, rules 2.550(d)–(e) and 8.46(e)].

notoriety or online exposure, increases the likelihood of harm. (*Planned Parenthood Golden Gate v. Superior Court* (2000) 83 Cal. App. 4th 347, 360.) There is a substantial probability that filing Mr. Maniotis' address publicly will result in harassment, stalking, or worse—and that risk is neither abstract nor avoidable by lesser means.

2. Prejudice to Plaintiffs

In addition to the personal risks to Mr. Maniotis and his family, publicly filing the sealed material would also prejudice the Plaintiffs, as Mr. Maniotis' ability to represent Plaintiffs as out-of-state counsel depends on his admission *pro hac vice*. Requiring that application to include publicly available information that puts Mr. Maniotis' safety in jeopardy may impair or deter his participation in the case—particularly where redaction would fully resolve the concern without compromising public access to meaningful information.

The result would be procedural and substantive prejudice to Plaintiffs, who have selected Mr. Maniotis as counsel and may be deprived of his chosen representation based on avoidable public disclosure. Courts recognize that the right to counsel of choice, especially in sensitive or high-profile matters, is an interest worth protecting. (*People v. Courts* (1985) 37 Cal. 3d 784, 789.) While a *pro hac vice* applicant does not have an automatic right to admission, where the only impediment is a non-substantive public disclosure requirement that threatens physical safety, sealing is a narrowly tailored and appropriate remedy.

**C. THE NARROWLY TAILORED REQUEST TO SEAL A SMALL PORTION OF THE *PRO HAC VICE* APPLICATION IS THE LEAST RESTRICTIVE MEANS**

California Rules of Court, rule 2.550(d)(4)–(5), require that any sealing order be narrowly tailored and that no less restrictive means exist to achieve the overriding interest at stake. The relief requested here fully satisfies those requirements.

Mr. Maniotis seeks to seal only a small, discrete portion of his *pro hac vice* application—specifically, the exact location of his residence in Florida. The redactions consist solely of a few words and numerals disclosing his street address. The redacted version of the application retains all other content, including the fact of his residency in the State of Florida, ensuring that the public and

the Court retain access to all information relevant to his eligibility for admission.

This request is narrowly drawn to protect a compelling privacy and safety interest without impairing public access to judicial proceedings or undermining the integrity of the PHV process. The sealing is not sought to obscure professional qualifications, conceal litigation history, or frustrate the transparency of court records. Rather, it is limited to preventing the dissemination of personally identifying information that, if made public, would pose an unacceptable risk to the safety and well-being of Mr. Maniotis and his family.

There is no less restrictive alternative available. Public disclosure of even a redacted address—such as a partial street name or zip code—would serve no public interest while materially increasing the risk of harm. Accordingly, the narrowly tailored redaction of Mr. Maniotis' residential address is the least restrictive means of protecting the overriding interests at stake.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to seal the limited portion of the Application for Order Admitting Thomas Maniotis as Counsel *Pro Hac Vice* that appears on page 4, line 10, and which discloses Mr. Maniotis' residential address. The request is supported by compelling privacy and safety concerns, is narrowly tailored, and satisfies all requirements under California Rules of Court, Rules 2.550 and 2.551. A redacted public version of the application is submitted herewith as **Exhibit A** to the attached Declaration of Raymond E. Brenneman, and the unredacted version is lodged conditionally under seal. Plaintiffs respectfully request that the Court enter an order sealing the identified material and directing that it remain sealed from public access.

DATED: August 20, 2025

**BRENNEMAN APC**

By: Raymond Brenneman
Raymond E. Brenneman
Attorney for Plaintiffs
Emory Andrew Tate III and Tristan Tate

**DECLARATION OF THOMAS MANIOTIS**

I, Thomas Maniotis, declare as follows:

1. I respectfully submit this declaration to demonstrate the compelling and ongoing security risks that necessitate withholding my residential address from public disclosure in my pending application for admission *pro hac vice*.

2. I am an attorney representing high-profile and often controversial clients. My recent professional obligations have exposed me to significant and persistent threats online and the safety of my family and my extended family. Additionally, my family and I have endured stalking/harassment, creating an atmosphere of fear and insecurity.

3. I work closely with New York attorney, Joseph D. McBride, who has had a similar Motion to Seal his *Pro Hac Vice* application granted in the Superior Court of Los Angeles involving one of the Plaintiffs if this case. He has had threats made against himself and his family, which are ongoing.

4. As a direct result of these threats, I have never disclosed the address of my home publicly.

5. Within days of filing a separate lawsuit against several social media defendants, on behalf of Plaintiffs, more than 50 pizzas arrived at my extended family's home in the name of one of the Plaintiffs to be paid for in cash in the middle of the night.

6. This month I learned that a credit card was opened without my permission using sensitive information by an unknown person, which I am in the process of reporting to proper authorities.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7. The persistent and credible threats constitute an ongoing security issue that prohibits me from disclosing my residential address in any public forum. Public revelation of my address would exacerbate these dangers. Accordingly, I respectfully request that the Court protect my residential address from disclosure to ensure the safety of my family and myself.

I declare under penalty of perjury pursuant to the laws of the State of California that all of the foregoing is true and correct. Executed on August 20, 2025, at Miami, Florida.

Thomas Maniotis

**<u>DECLARATION OF RAYMOND E. BRENNEMAN</u>**

I, Raymond E. Brenneman, declare:

1. I am an attorney at law licensed to practice before all the Courts within the State of California and am counsel for Plaintiffs Emory Andrew Tate III and Tristan Tate ("Plaintiffs"). I know the below-stated facts from my own personal knowledge, except those stated on information and belief, and if called to testify, I could and would competently testify thereto.

2. I make this Declaration for the limited purpose of seeking an Order from the Court sealing a portion of the Application to Admit Thomas Maniotis *Pro Hac Vice*.

3. I am informed and believe that Thomas Maniotis is an attorney licensed and in good standing in the State of Florida. He has submitted an application to the State Bar of California to appear as counsel *pro hac vice* for Plaintiffs in this matter.

4. Mr. Maniotis has provided a completed and verified application for *pro hac vice* admission pursuant to California Rules of Court, Rule 9.40. That application includes, among other required items, Mr. Maniotis' residential address in Florida.

5. Due to serious and ongoing safety concerns described in Mr. Maniotis' sworn declaration, Plaintiffs seek to seal only the portion of the PHV Application disclosing Mr. Maniotis' residential address. The redacted version omits that address and substitutes a reference to Mr. Maniotis' residence in the State of Florida.

6. Attached hereto as **<u>Exhibit A</u>** is a true and correct copy of the redacted version of the Notice of Application and Application for Order Admitting Thomas Maniotis as Counsel *Pro Hac Vice***.** The redactions are limited to Mr. Maniotis' home address, which appears at **<u>page 4, line 10</u>** of the unredacted version.

7. A Notice of Lodgment and the unredacted PHV Application have been lodged conditionally under seal pursuant to California Rules of Court, Rule 2.551(b)(1). The unredacted version will be available to the Court and Clerk's Office for in camera review or filing under seal, should the Court grant the sealing request.

**8.** If the Court grants the motion to seal, Plaintiffs intend to file the redacted version of the PHV Application as the operative application**.**

9. This declaration is submitted solely in support of the above motion to file portions of the PHV Application under seal.

I declare under penalty of perjury pursuant to the laws of the State of California that all of the foregoing is true and correct. Executed on August 20, 2025, at Los Angeles, California.

Raymond Brenneman
Raymond E. Brenneman

# EXHIBIT A

Raymond E. Brenneman (CA Bar. No. 333699)
BRENNEMAN APC
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Phone: (310) 870-8088
Email: raymond@brennemanlegal.com

Thomas Maniotis, Esq. (pro hac vice pending)
Equity Legal, PLLC
5201 Blue Lagoon Drive, Fl. 8
Miami, Florida 33126
Telephone: (305) 629-3219
tamaniotis@equitylegal.net

Attorney for Plaintiffs
*EMORY ANDREW TATE III & TRISTAN TATE*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| EMORY ANDREW TATE III, an Individual; TRISTAN TATE, an Individual;<br><br>Plaintiffs,<br><br>vs.<br><br>META PLATFORMS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.: 25SMCV04193<br><br>**NOTICE OF APPLICATION AND APPLICATION FOR ORDER ADMITTING THOMAS MANIOTIS AS COUNSEL PRO HAC VICE FOR PLAINTIFFS EMORY ANDREW TATE III AND TRISTAN TATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS MANIOTIS; DECLARATION OF RAYMOND E. BRENNEMAN**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Date:<br>Time:<br>Dept.:<br><br>RESERVATION ID:<br><br>Action filed: August 13, 2025<br>Trial Date: Not Yet Assigned |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on ________________________ [*TBD subject to ruling on request to file under seal*], at 8:30 a.m., or as soon thereafter as the matter may be heard in Department "O" of the Los Angeles County Superior Court, Santa Monica Courthouse, located at 1725 Main Street, Santa Monica, California 90401, Raymond E. Brenneman, a member in good standing of the State Bar of California, will and hereby does apply to this Court for an order pursuant to California Rule of Court 9.40 permitting Thomas Maniotis to appear as counsel *pro hac vice* in this matter on behalf of Plaintiffs.

As set forth in the attached Verified Application of Thomas Maniotis, all requirements of Rule 9.40 have been met. Proper and timely notice of this application has been given to the State Bar of California at its San Francisco address. Payment of the requisite fee to the State Bar of California has also been made.

This application is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Verified Application for Admission to the State Bar of California *Pro Hac Vice* of Thomas Maniotis, the Declaration of Raymond Brenneman, the files and records in this action, all matters of which this Court can take judicial notice, and upon such further oral and documentary evidence as may be presented.

DATED: August 20th, 2025

Respectfully Submitted,

**BRENNEMAN APC**

By: *Raymond Brenneman*
Raymond E. Brenneman, Esq.
Attorney for Plaintiffs,
Emory Andrew Tate III and Tristan Tate

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 9.40 of the California Rules of Court provides the means and requirements by which an attorney who is not a member of the State Bar of California may appear as counsel *pro hac vice* upon written application to the Court. Pursuant to this Rule, such an application shall be made by noticed motion accompanied by the verified application of the subject attorney setting forth the requisite information. Provided that an active member of the State Bar of California is associated as attorney of record, a person is eligible to appear as counsel *pro hac vice* if the person (1) is a member in good standing of and eligible to practice before the highest court of another state; (2) is not a resident of the State of California; (3) is not regularly employed in the State of California; and (4)is not regularly engaged in substantial business or other activities in the State of California.

As demonstrated in the Verified Application of Thomas Maniotis and the Declaration of Raymond E. Brenneman, attached hereto, Mr. Maniotis satisfies each requirement set forth in Rule 9.40 for admission to appear in this action *pro hac vice*. Mr. Maniotis resides outside of California and is a member in good standing in all state and federal courts in which he has been admitted to practice. Mr. Maniotis is not regularly employed or engaged in substantial business or other activities in the State of California, and has not applied for admission to practice as counsel *pro hac vice* in the State of California in the past two years.

Based on these facts and the supporting information provided in the attached Verified Application of Thomas Maniotis and Declaration of Raymond E. Brenneman, Plaintiffs respectfully requests that the Court grant this application and issue an order admitting Thomas Maniotis as counsel *pro hac vice* on his behalf in the above- entitled matter.

DATED: August 20th, 2025

**BRENNEMAN APC**

By: *Raymond Brenneman* Type text here
Raymond E. Brenneman, Esq.
Attorney for Plaintiffs,
Emory Andrew Tate III and Tristan Tate

## VERIFIED APPLICATION OF THOMAS MANIOTIS

Pursuant to California Rules of Court, Rule 9.40, I, Thomas Maniotis, submit this Verified Application to Appear as counsel *pro hac vice* on behalf of Plaintiffs Emory Andrew Tate III and Tristan Tate and, in support thereof, state under penalty of perjury that:

1. I hereby request leave of this Court to appear in this action as counsel *pro hac vice*.

2. I have been retained to appear in this action in association with Raymond E. Brenneman of BRENNEMAN APC, 1901 Avenue of the Stars, Suite 200, Los Angeles, CA 90067, who is counsel of record for Plaintiffs Emory Andrew Tate III and Tristan Tate, and an Active member of the State Bar of California.

3. I reside at [REDACTED], [REDACTED], Florida [REDACTED] and I am a Partner in the law firm Equity Legal, PLLC, 5201 Blue Lagoon Drive, Floor 8, Miami, FL 33126. I am neither a resident of the State of California, not regularly employed in the State of California, nor regularly engaged in substantial business, professional, or other activities in the State of California.

4. I am, and have been, a member in good standing of the State Bar of Florida, where I have practiced law since 2016. My assigned Florida attorney registration number is 122414. I have been admitted to practice before the following courts:

| | Court | Date Admitted |
|---|---|---|
| a. | United States District Court for the District of Columbia | May 3, 2021 |

5. I am a member in good standing in the bar of each such court and am not currently suspended or disbarred from practice in any court.

6. I have never been suspended or disbarred by any court.

7. In the preceding two years, I have not filed any applications to appear as counsel *pro hac vice* in California.

8. A related pro hac vice application has also been submitted contemporaneously in *Tate v. TikTok, Inc, et al. in* Los Angeles County Superior Court.

9. If admitted to practice before this Court, I will conduct myself in accordance with the Rules governing the conduct of attorneys admitted to practice with this Honorable Court.

I certify and declare under penalty of perjury pursuant to the laws of the State of California that all of the foregoing is true and correct.

Executed on August 20, 2025, at Miami, Florida.



Thomas Maniotis

**DECLARATION OF RAYMOND E. BRENNEMAN**

I, Raymond E. Brenneman, declare as follows:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and am attorney of record for Plaintiffs Emory Andrew Tate III and Tristan Tate herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. This declaration is made in support of the Plaintiffs Emory Andrew Tate III's and Tristan Tate's Application for an Order Admitting Thomas Maniotis as Counsel *Pro Hac Vice* for Emory Andrew Tate III and Tristan Tate.

3. I have been acting as local counsel for Plaintiffs in the above-captioned matter.

4. Attorney Thomas Maniotis in Miami, Florida, has been directing all of the substantive issues in the case for Plaintiffs Emory Andrew Tate III and Tristan Tate.

5. I have reviewed the executed Application of Thomas Maniotis to Appear as Counsel *Pro Hac Vice* and believe that all the information contained therein is true and correct.

6. I am informed and believe that Mr. Maniotis is a member of the State Bar of Florida and was admitted to practice in 2016.

7. This declarant requests that the Court allow Thomas Maniotis to appear as counsel *pro hac vice* and to be associated as co-counsel in connection with the above-entitled case and to participate in all aspects thereof, including all hearings, trial and pre-trial proceedings.

8. I have served a copy of this declaration and the application for admission on the San Francisco offices of the State Bar of California with the necessary fee.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9. Attached hereto as **Exhibit 1** is a true and correct copy of the payment receipt from the State Bar of California for the filing of the Application of Thomas Maniotis to Appear as Counsel *Pro Hac Vice*, which was sent along with a copy of the Application itself.

I declare under penalty of perjury pursuant to the laws of the State of California that all of the foregoing is true and correct.

Executed on August 20, 2025, at Los Angeles, California.

Raymond Brenneman

Raymond E. Brenneman

# EXHIBIT 1

Thank you for submitting your payment. It is currently being processed. Please allow 7 days for the bank to verify and process the payment. If there are any issues with your payment, you will be notified directly. A detailed breakdown of your transaction is below:

| | |
|---|---|
| Amount : | $512.50 |
| Payment Date : | 08/20/2025 07:57 PM |
| Payment Method : | Credit Card |
| Reference : | Payment from Brenneman Administrative Account |

PAID

**PROOF OF SERVICE**

Forum: *Los Angeles County Superior Court*
Case No.: *25SMCV04193*
Case Name: *Emory Andrew Tate III, et. al. v. Meta Platforms, Inc., et. al.*

I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to this action. My business name and address is Brenneman APC, 1901 Avenue of the Stars, Suite 200, Los Angeles, CA 90067. My email address is raymond@brennemanlegal.com

On **August 20th, 2025**, I served the document(s) entitled **NOTICE OF APPLICATION AND APPLICATION FOR ORDER ADMITTING THOMAS MANIOTIS AS COUNSEL PRO HAC VICE FOR PLAINTIFFS EMORY ANDREW TATE III AND TRISTAN TATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS MANIOTIS; DECLARATION OF RAYMOND E. BRENNEMAN** by the following method(s):

☐ **U.S. MAIL.** By enclosing the above document(s) in a sealed envelope, with postage fully prepaid, addressed as per the attached Service List, for collection and mailing from my above business address. I am readily familiar with my firm's practice of collection and processing correspondence for mailing. Under that practice, the document is deposited with the U.S. Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **OVERNIGHT DELIVERY.** By delivering the above document(s) in a sealed envelope designated by the express service carrier, with delivery fees paid, addressed as per the attached Service List, to a facility regularly maintained by the express service carrier or to a courier authorized by the express service carrier to receive documents.

☐ **PERSONAL SERVICE.** By personally delivering the above document(s) to the:

☐ **person(s) identified** on the attached Service List.

☐ **person(s) in charge** at the office address(es) listed on the attached Service List or, if no one is in charge, leaving the document(s) in a conspicuous place in the office(s).

☐ **person(s) of suitable age and discretion who reside(s)** at the address(es) listed on the attached Service List.

☒ **ELECTRONIC SERVICE.** (Code of Civil Procedure § 1010.6 and CRC Rule 2.251) Pursuant to court order or agreement by the parties, by electronically transmitting the above document(s) via:

☒ **electronic mail** to the person(s) at the electronic mail address(es) listed on the attached Service List. To my knowledge, the transmission was completed without error.

☐ **an electronic filing service provider**, named LexisNexis File & ServeXpress, to the person(s) listed on the attached Service List. To my knowledge, the transmission was completed without error. (See Cal. R. Ct. R. 2.253, 2.255, 2.260.)

☐ **FAX.** Pursuant to court order or agreement by the parties, by transmitting the above document(s) via fax to the person(s) at the fax number(s) listed on the attached Service List. To my knowledge, the transmission was completed without error.

Executed on August 20th, 2025, at Los Angeles, California.

☒ **STATE.** I declare under penalty of perjury and under the laws of California and the United States of America that the foregoing is true and correct.

☐ **FEDERAL.** I declare that I am employed in the office of a member of the Bar of this court at whose discretion the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

*Raymond Brenneman*
Raymond Brenneman

Forum: *Los Angeles County Superior Court*
Case No.: *25SMCV04193*
Case Name: *Emory Andrew Tate III, et. al. v. Meta Platforms, Inc., et. al.*

**SERVICE LIST**

| NAME/CONTACT INFORMATION | METHOD(S) OF SERVICE |
| --- | --- |
| Pro Hac Vice Program<br>Office of Special Admissions<br>The State Bar of California<br>180 Howard Street<br>San Francisco, CA 94105<br>Email: ProHac@calbar.ca.gov | **E-Mail** |